UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
In re:

ROGER C. D'AMICO and                                              Case No. 05-19217
THEODORA K. D'AMICO,                                              Chapter 7
                                       Debtor(s).
-----------------------------------------------------------
APPEARANCES:

CHRISTIAN H. DRIBUSCH, ESQ.
*Attorney for Plaintiff/Trustee*
5 Clinton Square
Albany, NY 12207

MICHAEL KURZ, ESQ.
*Attorney for Defendants/Debtors*
2212 Western Ave.
P.O. Box 1502
Guilderland, NY 12084

Hon. Robert E. Littlefield, Jr., Chief United States Bankruptcy Judge

## MEMORANDUM-DECISION AND ORDER

Before the court is the Application for Compensation filed by Christian H. Dribusch, Esq., as attorney for the Chapter 7 Trustee, Gregory G. Harris, Esq., pursuant to 11 U.S.C. § 330(a).[1] Dribusch filed a First Interim Fee Application on March 20, 2007, seeking attorney fees of $8,025. Opposition to the Interim Fee Application was interposed by the Debtors. At the conclusion of oral argument heard on April 25, 2007, the court awarded interim fees of $2,500, and adjourned the balance of the motion pending the court's issuance of a decision in the adversary proceeding commenced by Dribusch, on behalf of the Trustee, seeking a denial of the Debtors' discharge pursuant to § 727(a)(2) and (4).

---

[1] All statutory references herein are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, unless otherwise indicated.

On October 9, 2008, the court issued a Memorandum-Decision and Order in the adversary proceeding concluding that the Trustee had not established fraudulent intent on the part of the Debtors needed to sustain his § 727(a)(2) and (4) causes of action and dismissed the complaint. *Harris v. D'Amico* (*In re D'Amico*), Ch. 7 Case No. 05-19217, Adv. No. 06-90188, 2008 WL 4552806 (Bankr. N.D.N.Y. Oct. 9, 2008). Subsequently, Dribusch advised the court in writing that he would not be seeking additional fees for the post-trial submissions he filed on behalf of the Trustee and requested that the court consider the balance of the fees requested in his pending Interim Fee Application, namely $5,525, as his final application for compensation.

The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157, and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). This decision constitutes the court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

**Background and Arguments**

By order entered January 5, 2006, the court authorized the Trustee to employ Dribusch pursuant to § 327(a). In the Trustee's Motion for Retention, the Trustee indicated Dribusch was being employed to assist the Trustee in reducing property of the estate to money and in carrying out his duties. The legal services Dribusch seeks compensation for include representation of "the Trustee in case administration resulting in a recovery of approximately $11,000 together with an objection to discharge filed with this Court." (First Interim Fee Application ¶ 5 (Doc. No. 23).)

The Debtor's opposition does not contain objections to specific fees or specific services that seem unreasonable. Rather, the Debtors submit that minimal time was spent by Dribusch

recovering estate property as the Debtors voluntarily disclosed all potential assets. In addition, the Debtors assert that the adversary proceeding seeking to deny the Debtors' discharge was wasteful and unnecessarily dissipated assets of the estate. Based upon the foregoing, the Debtors argue the fee sought by Dribusch should be reduced accordingly. Neither the Trustee, nor the United States Trustee has filed opposition to the fee application.

## Discussion

### I.    Assessing Reasonable Attorney's Fees

Section 327(a) allows a trustee to employ one or more attorneys, with the court's approval, to represent or assist the trustee in carrying out the trustee's duties under the Code. 11 U.S.C. § 327(a). The court may award professionals employed under § 327 reasonable compensation for actual, necessary services rendered and reimbursement for actual, necessary expenses. 11 U.S.C. § 330(a)(1)(A) and (B). The court "has an independent duty to review the reasonableness of a professional's fees, even when the trustee who employed the professional does not object." *In re Squaglia*, No. 04-12017-B-7, 2008 WL 3925223, at *6 (Bankr. E.D. Cal. Aug. 26, 2008) (citation omitted); *see also, In re Brown*, 371 B.R. 486, 499 (Bankr. N.D. Okl. 2007) (court has an independent duty to review all requests for fees even if no party in interest objects). In determining the appropriate compensation for professional services rendered by an attorney employed by a trustee, the court is required to consider:

> [T]he nature, the extent, and the value of such services, taking into account all relevant factors, including-
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

>   (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>   (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>   (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

As this court has previously noted, "fee applications . . . are a difficult gymnastic exercise, endeavoring to set and apply standards that encourage and compensate quality representation in this court while at the same time remitting to creditors the maximum each estate will allow." *In re Lawrence Agency Corp.*, No. 97-11302, slip op. at 4 (Bankr. N.D.N.Y. July 8, 1998). The burden of proving that services rendered were actual and necessary, and that the compensation sought is reasonable, rests with the movant. *In re Bennett Funding Group, Inc.*, 213 B.R. 234, 244 (Bankr. N.D.N.Y. 1997) (citations omitted). To satisfy this burden, the claimant must support its request for fees with specific, detailed and itemized documentation. *Id.* In evaluating the reasonableness of the compensation requested, the court is guided by the lodestar standard, which is calculated by multiplying a reasonable number of hours spent on a task by a reasonable hourly rate.

The legal services for which Dribusch seeks compensation consist primarily of recovering payments made to creditors during the preference period, which was accomplished without the need for litigation, extending the Trustee's time to object to discharge, and commencing and litigating the adversary proceeding objecting to the Debtors' discharge. Debtors assert fees should not be awarded for services rendered in connection with the adversary proceeding commenced by the Trustee because the objection to discharge was ultimately

4

overruled. It is the court's recollection of the trial that the issue came down to one of credibility and, thus, the Trustee was justified in hiring counsel to investigate and pursue the action. Counsel for the Trustee cannot insure a result. Furthermore, the court does not wish to dissuade trustees from objecting to discharge when appropriate by tying compensation solely to whether or not a trustee's objection to discharge is sustained.

Because the court has an independent duty to review the reasonableness of the fees of any professional, the Court will examine all of the time entries in the Application. Dribusch's time records indicate that he expended 32.1 hours for legal services at an hourly rate of $250. As an initial matter, Dribusch's hourly rate of $250 appears to be reasonable based upon Dribusch's experience and fees charged by comparably skilled professionals. However, in reviewing the time records submitted for the services rendered, the court notes several shortcomings. Dribusch, at times, has lumped tasks together, provided vague descriptions of the services provided, included services that the court considers secretarial or clerical in nature rather than legal, and requests attorney compensation for services that appear, at first blush, to be duties of the Trustee. The court will address each of these deficiencies in turn.

*A.    Lumping*

The practice of lumping several tasks together prevents the court from fairly evaluating whether the time allotted for individual tasks is reasonable. *In re Fibermark, Inc.*, 349 B.R. 385, 395 (Bankr. D.Vt. 2006). For this reason, courts have summarily disallowed time for discrete legal services lumped together in a fee application. *Id*. (citing *In re S.T.N. Enterprises, Inc.*, 70

B.R. 823, 832 (Bankr. D.Vt. 1987)). Examples of lumping in the attorney's time records include:[2]

| Date | Description | Time |
| --- | --- | --- |
| 1/16/2006 | Reviewing materials and drafting letter requesting more information on specific transactions | 1.1 |
| 3/17/2006 | Reviewing materials, discuss with Trustee Harris, and draft and file Reply to Affirmation | 1.2 |
| 3/24/2006 | Drafting letters to the US Attorney , ReMax Premier and Liberty Group Insurance re: avoidable prepayments | .9 |
| 4/27/2006 | Receipt and review of letter from attorney for Re/MAX; telephone conference re: commencement | .4 |
| 7/20/2006 | Reviewing documents; consult with Trustee Harris; draft complaint with cover page re: Objection to Discharge | 1.7 |
| 8/22/2006 | Receipt and review of answer; discuss with Trustee Harris | .4 |
| 12/27/2006 | Receipt and review of Defendant's Motion for Summary Judgment; review with Trustee Harris | 2.2 |

---

[2]Some entries are inadequate for multiple reasons and may be referred to under more than one deficiency heading.

| 1/9/2007 | Legal research and drafting response to Summary Judgment Motion | 3.4 |
| 3/16/2007 | Prepare for and attend trial re: objection to discharge | 6.3 |

*B.*     *Vague Descriptions of Work Performed*

In order for the court to determine the reasonableness of fees requested, a fee application should identify each task performed in sufficient detail. *See In re J.F. Wagner's Sons Co.,* 135 B.R. 264, 267 (Bankr. W.D.Ky. 1991) (stating that the professional has the burden of providing adequate description of services to allow court to make finding of reasonableness). The court should be able to determine from the time entries themselves the legal issues involved, the difficulties of the issues, and the resolution or results obtained. *In re Bennett Funding Group, Inc.*, 213 B.R. at 245 (citations omitted). "Without such detailed information, it is difficult, if not impossible, 'to make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed.'" *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 441, 103 S.Ct. 1933, 1943, 76 L.Ed.2d 40 (1983) (Burger, C.J., concurring)). Conferences, meetings, correspondence, and telephone calls should identify the participants and the substance of the communication. *In re Poseidon Pools of Am., Inc.*, 180 B.R. 718, 730-31 (Bankr. E.D.N.Y. 1995). Similarly, when compensation is sought for legal research, the specific issues researched should be identified so that the court may assess its relevancy and necessity to the case**.** *In re Hirsch,* No. 1-02-17966-dem, 2008 WL 5234057, at *7 (Bankr. E.D.N.Y. Dec. 11, 2008). Examples of vague entries in the attorney's time records include:

| | | |
|---|---|---|
| 1/16/2006 | **Reviewing materials** and **drafting letter** requesting more information on specific transactions | 1.1 |
| 3/17/2006 | **Reviewing materials,** discuss with Trustee Harris, and draft and file Reply to Affirmation | 1.2 |
| 4/27/2006 | Receipt and review of letter from attorney for Re/MAX; **telephone conference re: commencement** | .4 |
| 7/20/2006 | **Reviewing documents**; **consult with Trustee Harris**; draft complaint with cover page re: Objection to discharge, | .4 |
| 1/9/2007 | **Legal research** and drafting response to Summary Judgment Motion | 3.4 |
| 2/13/2007 | **Telephone conference** re: Summary Judgment | .2 |

C.    *Secretarial/Clerical Services*

Services that are not of a legal nature are inherently not compensable. Secretarial or clerical time falls into this category and is generally considered part of overhead which presumably is built into an attorney's hourly billing rate. *In re Command Serv. Corp.*, 85 B.R. 230, 233 (Bankr. N.D.N.Y. 1988) (citations omitted). Services that appear to be purely secretarial or clerical in nature and do not require performance by an attorney include the following:

| | | |
|---|---|---|
| 2/17/2006 | Drafting and **filing** motion for turnover and extend time to object to discharge | .8 |
| 2/21/2006 | **Certificate of service** | .1 |
| 3/17/2006 | Reviewing materials**,** discuss with Trustee Harris, and draft and **file** Reply to Affirmation | 1.2 |
| 3/24/2006 | Drafting and **uploading** proposed Order approving extension of time to object to discharge | .2 |
| 8/15/06 | **Service** of summons and complaint | .1 |
| 1/11/2007 | Revise, finalize and **serve** response for Summary Motion and Motion | 3.1 |
| 1/16/2007 | **Arrange adjournment** of summary judgment motions | .1 |
| 3/9/2007 | Finalize and **electronically file** Statement of Facts and Pretrial Statement | 2.2 |

### D.     *Trustee's Duties*

A court may not compensate an attorney appointed to represent the trustee for services which coincide or overlap with the duties of the trustee, except where services are necessarily performed by an attorney due to reasons of complexity or difficulty, and only then to the extent legal expertise is required.  *U.S. Trustee v. Porter, Wright, Morris & Arthur*, 930 F.2d 386, 388 (4th Cir. 1991);  *In re Mabson Lumber Co.*, 394 F.2d 23, 24 (2d Cir.1968).  A chapter 7 trustee

has certain administrative duties delineated in § 704.[3]  The ministerial and administrative duties required for the bankruptcy estate should be performed by the trustee.  *In re Air Vermont, Inc.*, 114 B.R. 48, 50 (Bankr. D.Vt. 1988).

It is the court's duty to determine whether the services rendered by the attorney for the Trustee were legal in nature or whether they were actually administrative or ministerial duties of the Trustee.  *In In re Spungen,* 168 B.R. at 376 (N.D.Ind. 1993) (citation omitted).  This review

---

[3]Section 704(a) provides:
The trustee shall-
(1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest;
(2) be accountable for all property received;
(3) ensure that the debtor shall perform his intention as specified in section 521(2)(B) of this title;
(4) investigate the financial affairs of the debtor;
(5) if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper;
(6) if advisable, oppose the discharge of the debtor;
(7) unless the court orders otherwise, furnish such information concerning the estate and the estate's administration as is requested by a party in interest;
(8) if the business of the debtor is authorized to be operated, file with the court, with the United States trustee, and with any governmental unit charged with responsibility for collection or determination of any tax arising out of such operation, periodic reports and summaries of the operation of such business, including a statement of receipts and disbursements, and such other information as the United States trustee or the court requires;
(9) make a final report and file a final account of the administration of the estate with the court and with the United States trustee;
(10) if with respect to the debtor there is a claim for a domestic support obligation, provide the applicable notice specified in subsection (c);
(11) if, at the time of the commencement of the case, the debtor (or any entity designated by the debtor) served as the administrator . . . of an employee benefit paln, continue to perform the obligations required of the administrator; and
(12) use all reasonable and best efforts to transfer patients from a health care business that is in the process of being closed to an appropriate health care business . . . .
11 U.S.C. § 704(a).

is especially relevant in cases, like the one *sub judice*, where it appears, at least initially, that the vast majority of the $11,000 recovered by the Trustee will be paid to counsel for the Trustee for attorney's fees and to the Trustee for his commissions,[4] as opposed to creditors.

A review of the time records uncovers services rendered by Dribush that could be characterized as general duties of the Trustee. Examples of these services include the following:

| | | |
|---|---|---|
| 1/16/2006 | Reviewing materials and drafting letter requesting more information on specific transactions | 1.1 |
| 3/17/2006 | Reviewing materials, discuss with Trustee Harris. . . . | 1.2 |
| 3/24/2006 | Drafting letters to the US Attorney, ReMax Premier and Liberty Group Insurance re: avoidable prepayments | .9 |
| 4/11/2006 | Receipt and review of IRS Proof of Claim | .1 |
| 4/25/2006 | Receipt and review of IRS letter re: return of funds | .2 |

---

[4]While the Trustee has yet to file his Final Report setting forth the commissions he is seeking, § 326(a) provides, in pertinent part, as follows:
> In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,00, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326(a).

| 4/27/2006 | Receipt and review of letter from attorney for Re/MAX; telephone conference re: commencement | .4 |

      Based upon the time entries, these tasks seem to fall into the broad categories of reviewing the debtor's records, investigating and collecting property of the estate, and examining claims — all of which are within the scope of the Trustee's duties set forth in § 704(a). The court is aware that because of the difficult tasks a Chapter 7 trustee performs, the demarcation between what tasks constitute duties to be performed solely by the trustee and what can and should be delegated to an attorney is often not black and white. *In re Leslie*, 211 B.R. 1016, 1018 (Bankr. M.D. Fla. 1997). Circumstances may have existed in this case requiring the Trustee to delegate certain of his duties to an attorney. Thus, the court will allow Dribusch and the Trustee some leeway and assume the tasks highlighted by the court required legal expertise. Nevertheless, in the future, it should not be incumbent on the court to search the docket and pleadings filed to ascertain whether it was reasonable for a trustee to seek the assistance of counsel for certain tasks. Rather, it should be apparent from the time entries or the narrative accompanying the fee application that particular tasks that appear to coincide or overlap with the duties of a trustee required the use of a professional.

## II.    The Amount of the Award

      As a result of the shortcomings in the time entries contained in the billing documents submitted, the court finds that an overall twenty percent reduction of the attorney's fees requested by Dribusch is warranted. Across the board percentage cuts in professional fees sought are routinely utilized so that courts do not misuse their time "set[ting] forth item-by-item

findings concerning what [may] be countless objections to individual billing items." *In re Hirsch,* 2008 WL 5234057, at *6 (citations omitted).  The court notes that the reduction, in large part, is the result of the applicant's failure to provide sufficient information to justify the approval of the entire amount requested, and not a reflection on the quality of the services rendered.  More specifically, the court was not provided with a clear picture of the individual tasks performed and the time it took to perform them.

## Conclusion

Dribusch seeks attorney's fees in connection with his representation of the Trustee in the total amount of $8,025.  The court shall disallow $1,605 of the attorney compensation for the reasons set forth herein.  As a result, compensation for attorney for the Trustee shall be allowed in the total amount of $6,420, $2,500 of which was previously allowed as an interim award.

It is so ORDERED.

Dated: Albany, New York                                            /s/ Robert E. Littlefield, Jr.
September 14, 2009                                                   _____

                                                                                  Hon. Robert E. Littlefield, Jr.
                                                                                  Chief United States Bankruptcy Judge